UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALONQUINETTE SMITH | CIVIL ACTION NO. 25-cv-790 SEC P |
| VERSUS | JUDGE VAN HOOK |
| CADDO CORRECTIONAL CENTER ERT, ET AL | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

## Introduction

Alonquinette Smith ("Plaintiff"), a self-represented inmate, filed this civil action against corrections officers based on allegations that she was "tazed" by the Emergency Response Team ("ERT") at the Caddo Correctional Center ("CCC"). Before the court is a Motion to Dismiss (Doc. 16) that attacks the complaint, as amended, for failure to state a claim on which relief may be granted. For the reasons that follow, it is recommended that the motion be granted and that all claims against all defendants be dismissed.

## Procedural History

Plaintiff commenced this action by filing a complaint under 42 U.S.C. § 1983 on a form provided by the court. The caption of the complaint listed as defendant "Caddo ERT Team of Caddo Correctional Center." In part III of the complaint, which asked for names of the plaintiff and the defendants, Plaintiff listed as defendants Cassandra Allen, Zachary Thomas, and Brad Acklin, each of which were said to be employed at CCC. On a line for additional defendants, Plaintiff listed "Riley, Steadman, Washington employed at Shreveport City Jail."

The complaint form asked Plaintiff to state the facts of her case by specifically describing the involvement and actions of each named defendant. Plaintiff wrote a single paragraph that on May 10, 2025 she "was tazed by Caddo Correctional Center's ERT team." Plaintiff stated that she was "tazed in the neck, instantly paralyzing me. I fell back and bust my head causing me to be knocked unconscience (sic)." Plaintiff added that she was "seen in medical and prescribed Tylenol." She requested $23,700 in damages.

The court issued a Memorandum Order (Doc. 7) that directed Plaintiff to file an amended complaint and respond to certain questions, such as who violated her civil rights, when her civil rights were violated, and how her civil rights were violated. Plaintiff responded with a one-page submission (Doc. 8), which was docketed as an amended complaint, that responded to the court's questions. Plaintiff stated that her rights were violated by CCC's ERT. She did not identify any individual. Plaintiff stated that the event happened on May 10, 2025, and "They had no right to tase me in the neck causing me to fall and bust the back of my head and left me unconscience (sic)."

The court issued a memorandum order (Doc. 9) that directed Plaintiff to submit service papers for each defendant. The clerk of court received forms from Plaintiff for Cassandra Allen, CCC ERT Team, Zachary Thomas, and Brad Acklin. The clerk also received service papers that named D. Allen and a Geter, who were added to the docket as defendants even though they were not mentioned in the pleadings. The clerk did not receive any service documents for Riley, Steadman, or Washington, who the original complaint alleged were employed at the Shreveport City Jail. The motion to dismiss that

is now before the court is joined in by the CCC ERT, Cassandra Allen, Zachary Thomas, Brad Acklen (Acklin), D. Allen, and Claude Geter.

**Rule 12(b)(6) Burden**

Defendants move to dismiss the complaint based on Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim on which relief may be granted. To avoid dismissal, Plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Analysis**

**A. The ERT**

Section 1983 provides that a "person" who, under color of state law, deprives a plaintiff of constitutional rights may be liable. Plaintiffs often sue individuals or government entities such as a parish or municipality, which may be persons under the statute. Inmates are also fond of naming as a defendant a police department, sheriff's office, medical unit, detention center, or other such office or group. This Plaintiff has chosen to name the ERT as a defendant and direct most allegations toward the ERT.

An initial question is whether the ERT is a legal entity or "person" with the capacity to be sued. The capacity of an entity to be sued is determined by the law of the state in which the district court is held, Fed. R. Civ. Pro. 17(b), which is Louisiana law. A named defendant must enjoy a separate legal existence under that law to be a proper defendant. Darby v. Pasadena Police Department, 939 F.2d 311, 313 (5th Cir. 1991). This court has held a number of times that unspecified "staff" or groups such as "medical staff" are not legal entities capable of being sued. Such a group name is simply a description of a group of employees that may not be sued in that fashion. See, e.g., Thomas v. Sabine Parish Sheriff Office, 2025 WL 3041884, *3 (W.D. La. 2025) (sheriff's office, detention center, and medical staff were not legal entities); Mondello v. Bossier Parish Sheriff's Office, 2006 WL 1985407, *4 (W.D. La. 2006) (penal farm, jail, and medical staff were not legal entities).

There is no indication that the ERT is anything other than an administrative group within the sheriff's organization. It has been referenced in a number of cases before the court, and there has never been a basis to even suspect that it is a separate legal entity capable of being sued. Accordingly, all claims against the ERT should be dismissed. The proper defendants in such cases are the individuals who are alleged to have violated the plaintiff's constitutional rights.

**B. The Individual Defendants**

Plaintiff also named a number of individuals as defendants in a claim for excessive force. The record does not reveal whether Plaintiff was a pretrial detainee or convicted

prisoner at the time of the event, so the court will assume that she was pretrial detainee whose claims are governed by a less demanding standard. The claims of a pretrial detainee are governed by the Due Process Clause, rather than the Eighth Amendment that applies to claims by convicted prisoners. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Objective reasonableness turns on the facts and circumstances of each particular case, and a court must make the determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. Id.

To state a cause of action under Section 1983, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). "Personal involvement is an essential element" of demonstrating liability under § 1983. Delaughter v. Woodall, 909 F.3d 130, 137 (5th Cir. 2018) (quoting Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948.

Plaintiff named a number of individuals as defendant, and she served two others who were not named as defendants, but she did not specifically allege that any one of them did anything to her. The incident is said to be the fault of ERT, which is not a legal entity, with no individual alleged to have deployed a Taser or done anything else. Absent specific

allegations that some individual violated a constitutional right, the complaint, as amended, fails to state a claim under Section 1983 against any individual defendant.

Plaintiff filed a memorandum in opposition (Doc. 23), in which she stated that this case was filed against defendants D. Allen and Claude Geter, members of the ERT, "due to negligence towards Plaintiff that occurred on May 10, 2025." Plaintiff described the Taser incident, without identifying who used a Taser or why, and stated, "There was other ways to approach the Plaintiff instead of being tased." Plaintiff also faulted unidentified persons for not catching her and for allowing her to fall on her head.

Neither Allen nor Geter were mentioned in the complaint or amended complaint, and an opposition to a motion to dismiss is not the place for a party to raise new factual allegations or assert new claims. Fondren v. I Got My Chance, L.L.C., 2025 WL 2460419, *4 (W.D. La. 2025); Sartin v. EKF Diagnostics, Inc., 2016 WL 3598297, *4 (E.D. La. 2016). Even the extra-complaint statements in Plaintiff's memorandum do not allege personal involvement of any individual in an act that could plausibly be a constitutional violation. Plaintiff's allegation that the ERT members were negligent also fails to make out a constitutional violation based on excessive force. Mere negligent infliction of harm is beneath the threshold of a constitutional violation that is actionable under Section 1983. Kingsley, 135 S.Ct. at 2472, citing Daniels v. Williams, 106 S.Ct. 662 (1986) (affirming dismissal of inmate's claim that he slipped on a pillow negligently left on the stairs by a deputy).

Plaintiff's complaint, as amended, fails to state a claim on which relief may be granted against any particular defendant. That goes for the several defendants who joined in the motion to dismiss as well as those that Plaintiff listed as defendants in the original complaint but for which she did not submit service papers. Plaintiff effectively abandoned her claims against those defendants, against whom there are no allegations, and whose alleged employment at the city jail (a wholly different facility from CCC) makes it virtually impossible that they had any role whatsoever in the incident described in the complaint. All claims against all defendants should be dismissed for failure to state a claim on which relief may be granted.

Accordingly,

It is recommended that Defendants' Motion to Dismiss (Doc. 16) be granted and that all claims against all defendants be dismissed with prejudice for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of July, 2026.

Mark L. Hornsby
U.S. Magistrate Judge